IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. 5:21-CV-381

| | |
|---|---|
| CLAUDONY JOSEPH, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| THE TOWN OF HOPE MILLS, THE HOPE MILLS POLICE DEPARTMENT (A DEPARTMENT OF THE TOWN OF HOPE MILLS); MELISSA P. ADAMS in her individual and official capacity; JOEL C. ACCIARDO, in his individual and official capacity; BRADLEY DEAN, in his individual and official capacity, | )<br>)  COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

NOW COMES the Plaintiff, Claudony Joseph, by and through his undersigned counsel, complaining of the Defendants, alleges and says as follows:

## I. INTRODUCTION

The Plaintiff asserts a claim against the Defendants under Title VII of the Civil Rights Act of 1964 which makes it unlawful for an employer to discharge or otherwise to discriminate against an employee because of the employee's race. In addition, the Plaintiff asserts claims against the Defendants under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 for unlawful and unconstitutional discriminatory practices under color of State law.

## PARTIES AND JURISDICTION

1. The Plaintiff is a citizen and resident of Cumberland County, North Carolina.

2. The Defendant, the Town of Hope Mills, is a local municipality existing under

1

laws of the State of North Carolina, is an employer within the meaning of Title VII and, at all times relevant to the facts and allegations set forth herein, was acting under color of State law.

3. The Defendant, the Hope Mills Police Department, is a department of the Town of Hope Mills and is an employer within the meaning of Title VII and, at all times relevant to the facts and allegations set forth herein, was acting under color of State law.

4. Both Defendants, the Town of Hope Mills and the Hope Mills Police Department, employ, on a regular basis, more than 15 individuals.

5. The Defendant, Melissa P. Adams (hereinafter referred to as the "Defendant Adams"), is, upon information and belief, a citizen and resident of Cumberland County, North Carolina, and, at all times relevant to the facts and allegations set forth herein, served as the Town Manager of the Defendant, the Town of Hope Mills, and exerted her authority and power as the final decision maker with respect to the adverse employment actions taken against the Plaintiff, including placing the Plaintiff on probation in April of 2020 and Plaintiff's demotion and reduction in rank on or about October 30, 2020. All actions taken by the Defendant Adams were in her capacity as Town Manager and within the scope and authority bestowed upon her by the Town of Hope Mills. The Defendant Adams is being sued in both her individual and official capacity.

6. The Defendant, Joel C. Acciardo (hereinafter referred to as the "Defendant Acciardo"), is, upon information and belief, a citizen and resident of Cumberland County, North Carolina, and, at all times relevant to the facts and allegations set forth herein, served in a capacity as the Chief of Police for the Town of Hope Mills and the Hope Mills Police Department. The Defendant Acciardo was the final decision maker regarding the Plaintiff's placement on probation and demotion and the Defendant Acciardo was also the instigator and

promoter of the Defendant employer's unlawful decision to place the Plaintiff on probation and demote the Plaintiff. The Defendant Acciardo is being sued in his individual and official capacity. All unlawful and unconstitutional actions taken by the Defendant Acciardo were taken in his capacity as Chief of Police and within the course and scope of his employment with the Town of Hope Mills and the Hope Mills Police Department.

7. The Defendant, Bradley Dean (hereinafter referred to as the "Defendant Dean"), is, upon information and belief, a citizen and resident of Cumberland County, North Carolina, and, at all times relevant to the facts and allegations set forth herein, served in a capacity as the Deputy Chief of Police of the Town of Hope Mills and the Hope Mills Police Department. The Defendant Dean was an instigator and promoter of the decision to place the Plaintiff on probation and demote the Plaintiff. The Defendant Dean conducted an "internal investigation" in an effort to create the false and unsupported conclusion that the Plaintiff, who was an exemplary employee, engaged in conduct to justify the adverse employment actions by the Defendants as set forth herein. The Defendant Dean's conduct was in his capacity as Deputy Chief of Police Department and within the course and scope of his employment.

8. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343, this being a proceeding seeking to enforce rights and remedies secured by Title VII. Jurisdiction is also conferred upon this Court pursuant to 28 U.S.C. § 1331, this being an action under Federal Statutes.

9. Venue is proper United States District Court, for the Eastern District of North Carolina, pursuant to 42 U.S.C. § 2000e-(f)(3), 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) as the Plaintiff and the Defendants are located in Cumberland County, North Carolina, and this district is where a substantial part of the events and omissions giving rise to the cause of action of herein

3

occurred.

10. The conduct of the individual Defendants is imputed to the Defendants, the Town of Hope Mills and the Hope Mills Police Department. In addition, the Town of Hope Mills, the Hope Mills Police Department, and the individual Defendants being sued in their official capacity, acted unlawfully as part of a policy and custom to discriminate against minority employees.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. The Plaintiff filed a Charge of Discrimination with the EEOC referenced as Agency Charge No. 433-2021-00344. The Charge of Discrimination was based upon race discrimination in connection with the Plaintiff's employment. The Charge was filed on February 18, 2021. The Charge is attached hereto as Exhibit 1 and incorporated herein by reference.

12. On June 24, 2021, the EEOC issued to the Plaintiff a Notice of Rights after making no determination as to the merits of the Plaintiff's charge. The Plaintiff received the Notice of Rights on or about June 26, 2021, related to the charge No. 433-2021-00344. A true and accurate copy of the Plaintiff's Notice of Rights is attached hereto as Exhibit 2 and incorporated herein by reference.

13. The Plaintiff has filed this action within the ninety (90) days of his receipt of the Notice of Right to Sue letter from the EEOC.

14. Laticia Black, the Human Resources Director for the Town of Hope Mills, received the Notice of Right to Sue on or about June 24, 2021.

15. The Plaintiff has exhausted all required administrative remedies prior to filing this action.

4

## III.    FACTUAL ALLEGATIONS

16. The Plaintiff incorporates by reference paragraphs 1-15 above as it fully restated herein.

17. The Plaintiff is an African American, a person of color, and a member of a protected class. As set forth in detail below, the Plaintiff was subject to multiple adverse employment actions in his capacity as a sergeant for the Defendants, the Town of Hope Mills and the Hope Mills Police Department. Similarly situated sergeants and officers that were not in the same protected class (white males) and who engaged in comparable conduct were not subject to adverse actions by the Defendants employers. White males were also promoted and provided preferential treatment in their employment and subject to preferential treatment in connection with the enforcement of the employer's policies as compared to minorities, including the Plaintiff.

18. As set forth below, the Defendants engaged in an intentional, calculated, and systematic plan to discriminate against certain members of the Hope Mills Police Department, including the Plaintiff, based upon the employee's race/minority status. The systematic plan was implemented covertly to remove from the Hope Mills Police Department minorities in an effort to achieve all white male police department. This discriminatory conduct, which included adverse actions against the Plaintiff, included demotions, unjustified write-ups, bogus after-the-fact investigations, unjustified placement on probation, suspension, constructive discharge and termination of members of protected classes.

19. As set forth below, Defendants' actions violated clearly established statutory and constitutional rights of the Plaintiff of which a reasonable person would have known.

### a) Plaintiff's Job Performance

20. In 2012, the Plaintiff was hired by the Town of Hope Mills and the Hope Mills Police Department to serve as a police officer. The Plaintiff was promoted to serve as a sergeant in July of 2018.

21. In his capacity as a police officer between 2012 and 2018 the Plaintiff was evaluated by the Defendants on a regular basis. In his capacity as a sergeant, the Plaintiff was evaluated by the Defendants on a regular basis.

22. Throughout the Plaintiff's employment, the Plaintiff received outstanding and exemplary performance evaluations by the Defendants.

23. At all times relevant to the facts and allegations set forth herein, the Plaintiff was performing his job in an outstanding and exemplary manner as reflected in his written evaluations.

24. In 2019, the Plaintiff received performance evaluation which stated that the Plaintiff showed an "awareness and appreciation of the rules and regulations" of the police department and "complies without reminders." The evaluation further references the Plaintiff as having "excellent initiative", was a "consistent self-starter; seldom must be told what to do", and "very imaginative in addressing unusual or unexpected situations." The evaluation further states that the Plaintiff was "conscientious about punctuality; not absent or late without good cause. Plans ahead. Willingly adjusts schedule." His ultimate evaluation was "outstanding" which is the highest possible evaluation category under the Defendants' evaluation policy.

25. Pursuant to the Defendants' policy regarding evaluations, the "outstanding" designation by the Defendants indicates that the Plaintiff's performance "consistently and significantly exceeds performance standards in important aspects of work." Further, the

Plaintiff's "work is performed at a sustained high level of proficiency" and "the employee accomplishes the most difficult and complex assignments." This evaluation was signed by the Plaintiff's supervisor on August 19, 2019, and ultimately approved by the Defendant Adams on August 27, 2019. As a result of evaluation, the Plaintiff received a merit increase in salary for "outstanding rating for annual evaluation."

26. Notwithstanding the fact that the Defendants engaged in conscious and intentional effort to lawfully discredit the Plaintiff, which resulted in the Plaintiff being placed on probation in April of 2020 and demoted from sergeant to patrol officer on October 29, 2020, the Plaintiff received the outstanding evaluation for the year of 2020. Upon information and belief, after the Plaintiff received the outstanding evaluation for 2020 from his supervisor, the Defendant Acciardo made a statement to the Plaintiff's supervisor, to the effect, "how am I supposed to justify his demotion now?"

27. The Plaintiff's 2020 evaluation was signed by the Plaintiff's Department Head as well as the Defendant Adams, Town Manager for the Town of Hope Mills.

28. At all times relevant to the facts and allegations set forth herein, the Plaintiff was performing his duties as a police officer and sergeant in a highly proficient manner and to the satisfaction of the Defendants.

29. In April of 2020, the Plaintiff was placed on probation. The reason cited by the Defendants was pretextual and motivated by discriminatory intent based upon the Plaintiff's protected status.

30. On October 29, 2020, the Plaintiff was demoted from the rank of sergeant to the rank of patrol officer. The reason cited by the Defendants was pretextual and motivated by discriminatory intent based upon the Plaintiff's protected status.

7

31. The Defendants supported and condoned an intentional and conscious policy and custom to 1) prevent, discourage, and eliminate racial minorities, including the Plaintiff, from obtaining promotions, 2) prevent, discourage, and eliminate the racial minorities, including the Plaintiff, from obtaining positions of authority within the Hope Mills Police Department, 3) engage in consistent and unequal disciplinary and employment practices to discriminate against the Plaintiff and other racial minorities resulting in adverse employment actions.

32. Based upon the Plaintiff's exemplary performance during his employment and based upon the Defendants' treatment of the Plaintiff and of similarly situated employees (minorities) the Defendants' adverse actions are causally connected to the Plaintiff's protected status as referenced above.

33. The Defendants' actions were motivated by evil intent and reckless and callous indifference to the Plaintiff's rights resulting in intentional discrimination against the Plaintiff based upon race/minority status.

34. Similarly situated employees who were white received preferential treatment, were not disciplined for policy violations or misconduct, were promoted ahead of minorities without justification and in a discriminatory manner and provided preferential treatment with respect to their terms and conditions of employment.

35. The Defendants have intentionally and purposively engaged in activities to create within the Hope Mills Police Department an exclusively white male police force as evidenced by the Defendants' demotion and attempts to get the Plaintiff to resign.

36. There is no rational basis for this treatment of the Plaintiff other than blatant discrimination based on the Plaintiff's race/minority.

## IV. CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION
**(Title VII – Race Discrimination)**

37. The Plaintiff incorporates by reference the paragraphs 1-36 above as it fully restated herein.

38. The Defendants violated the Plaintiff's rights under Title VII of the Civil Rights Act on 1964 by discriminating against the Plaintiff, Claudony Joseph, in the terms, conditions, and privileges of his employment because of his race/minority and subjecting him to disparate treatment in the workplace resulting in a hostile work environment.

39. The Defendants violated Title VII of the Civil Rights Act of 1964 by subjecting to the Plaintiff to disparate treatment based on his race/minority by placing the Plaintiff on probation, which prevailed any opportunity to be promoted, and ultimately demoted the Plaintiff because of his race.

40. The Defendants violated Title VII of the Civil Rights Act of 1964 by intentionally eliminating the Plaintiff from employment opportunities and by ultimately demoting him, as described herein, based upon his race.

41. The Defendants' actions amount to willful or wanton conduct and evidence of malice an intentional disregard for the Plaintiff's statutory-protected rights and constitutional rights.

42. The Plaintiff is entitled to damages as a result of the Defendants' unlawful conduct, including, but not limited to, past and future lost wages or benefits, damages to compensate his past and future emotional distress, punitive damages, reasonable attorney's fees and costs of this action, and pre-judgment interest.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1981 and 42 U.S.C. § 1983)

43. The Plaintiff incorporates by reference the paragraphs 1-42 above as it fully restated herein.

44. At all times relevant to the facts and allegations set forth herein, the Defendants were acting under color of State law and subject to the provision of 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The Defendants deprived the Plaintiff of his constitutional rights, violated 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Fourteenth Amendment by denying the Plaintiff equal protection under the law, due process, as well as the rights secured by Title VII.

45. The Defendants violated the Plaintiff's rights knowingly, intentionally and the Town of Hope Mills and the Hope Mills Police Department are liable for the actions of its employees since employees were executing the Defendants' *de facto* policy and custom to discriminate against minority employees, including the Plaintiff.

46. The individual Defendants are liable to the Plaintiff for their discriminatory conduct as set forth herein as the individuals have final policy making authority relating to the policies, customs implemented by the Town of Hope Mills through its Police Department or participating in, promoting, and instigating the unlawful conduct.

47. The constitutional rights of the Plaintiff and the violation thereof by the Defendants are clearly established statutory and constitutional rights of which a reasonable person, including the Defendants, would have known and therefore the individual Defendants are not entitled to "qualified immunity."

48. In the alternative, assuming that individual Defendants do not have final decision-making authority, final decision-maker would not have placed the Plaintiff on probation or demoted the Plaintiff without the intervention of the wrongfully and illegally motivated

10

Defendant Acciardo and Defendant Dean of the Police Department (individual Defendants) who initiated and promoted the unlawful activities and conduct leading to the Plaintiff's adverse employment actions, including probation and demotion.

49. The individual Defendants, Acciardo and Dean, instigated an improper and unlawful "investigation" to support the Plaintiff's probation and demotion and took these actions based upon racial bias.

50. The individual Defendants originally caused, participated in, facilitated, condoned, approved and directed, or turned it blind eye to the race discrimination experienced by the Plaintiff and alleged herein. Therefore, they are personally liable under the principles of 42 U.S.C. § 1983.

51. The Defendants' conduct set forth herein was motivated by an evil intent and showed reckless and callous indifference to the Plaintiff's rights. Therefore, the Plaintiff is entitled to recover punitive damages under 42 U.S.C. § 1983.

## V. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays to the Court for the following relief:

1. The Court enter a judgment in favor of the Plaintiff and against the Defendants to include compensatory damages proximately caused by the unlawful actions as referenced herein;

2. The Court enter an award in favor of the Plaintiff and against the Defendants for punitive damages;

3. The Court enter an award in favor of the Plaintiff and against the Defendants for reasonable expenses and costs including attorney's fees;

4. A jury trial in all issues and claims;

5. The Court order to the Defendants to pay the Plaintiff judgment with interest at

the legal rate on the date of filing this action until paid;

6. The Defendants be taxed with the cost of this litigation; and

7. The Court enter for such other and further relief as the Court deems just and proper.

This, the 22nd day of September, 2021.

                                          VAN CAMP, MEACHAM & NEWMAN, PLLC
                                          *Attorney for Plaintiff*

By: /s/ Thomas M. Van Camp
      Thomas M. Van Camp, N.C. State Bar # 16872
      Post Office Box 1389
      Pinehurst, North Carolina 28370
      Telephone: (910) 295-2525
      Facsimile: (910) 295-2001
      thomasv@vancamplaw.com