IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-381-BO

| | | |
|---|---|---|
| CLAUDONY JOSEPH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THE TOWN OF HOPE MILLS, *et al.*, | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

Plaintiff instituted this action by filing a complaint on September 22, 2021, naming the Town of Hope Mills, the Hope Mills Police Department, Melissa P. Adams, in her individual and official capacity, Joe C. Acciardo, in his individual and official capacity, and Bradley Dean, in his individual and official capacity, as defendants. The parties subsequently stipulated to the dismissal of all claims against the Hope Mills Police Department, all official capacity claims against the individual defendants, and all Title VII claims against the individual defendants in their individual and official capacities.

Remaining in plaintiff's complaint are claims for disparate treatment and hostile work environment based on race in violation of Title VII of the Civil Rights Act of 1964 and a claim for denial of equal protection and due process under the Fourteenth Amendment pursuant to 42 U.S.C. §§ 1981 and 1983. Plaintiff alleges the following in support of his claims.

Plaintiff, who is African American, was hired by the Town of Hope Mills and the Hope Mills Police Department as a police officer in 2012. He was promoted to the rank of sergeant in July 2018. Between 2012 and 2018, plaintiff regularly received outstanding and exemplary performance evaluations from defendants. In August 2019, plaintiff again received an outstanding performance evaluation, which is the highest possible evaluation category under defendants' policy. With this performance evaluation plaintiff received a merit increase in salary. In April 2020, however, plaintiff was placed on probation and on October 29, 2020, he was demoted from sergeant to patrol officer. Despite this, plaintiff again received an outstanding performance evaluation for 2020.

Plaintiff alleges that the reasons cited by defendants for placing plaintiff on probation and subsequently demoting him were pretextual and motivated by discriminatory intent. Plaintiff further alleges that the defendants supported and condoned a policy and custom designed to prevent, discourage, and eliminate racial minorities from receiving promotions and reaching positions of authority within the Hope Mills Police Department. Plaintiff further alleges that similarly situated employees who were white received preferential treatment, were not similarly disciplined, and were promoted ahead of minorities.

Defendants now seek dismissal of plaintiff's claims for hostile work environment under Title VII and due process under the Fourteenth Amendment.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must

2

Case 5:21-cv-00381-BO  Document 30  Filed 04/05/22  Page 2 of 4

allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

A. Hostile work environment

To prove a hostile work environment claim under Title VII, a plaintiff must show "(1) unwelcome conduct; (2) that is based on the plaintiff's [protected status]; (3) which is sufficiently severe or pervasive to alter her conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Strothers v. City of Laurel*, 895 F.3d 317, 328 (4th Cir. 2018); *Irani v. Palmetto Health*, 767 F. App'x 399, 415-16 (4th Cir. 2019).

Plaintiff has failed to plausibly allege that he was subjected to a hostile work environment. Although a plaintiff alleges he was subjected to disparate treatment based on his race, and that such treatment was part of a practice or policy of defendants to keep minorities out of positions of authority within the department, he has failed to separately allege that he was subjected to unwelcome conduct or harassment that was sufficiently severe or pervasive such that it altered plaintiff's employment conditions. *See, e.g., Merrill v. McCarthy*, 184 F. Supp. 3d 221, 249 (E.D.N.C. 2016). "Although incidents of discrimination or retaliation can establish a hostile work environment if connected to a pervasive pattern of severe harassment, the actions alleged by the plaintiff here do not rise to that level." *Massaquoi v. D.C.*, 81 F. Supp. 3d 44, 53 (D.D.C. 2015). This claim is therefore appropriately dismissed.

3

B. Due process

Plaintiff's complaint makes a bare allegation that his due process rights were violated. The complaint fails, however, to identify whether he alleges that his procedural due process or substantive due process rights were violated, and what conduct by defendants specifically supports such a claim. Although in response to the instant motion plaintiff contends he has alleged both a procedural and substantive due process claim, he relies only on the repeated allegations of discriminatory actions by defendants to support such claim. Plaintiff's complaint fails to make more than a conclusory reference to due process and fails to sufficiently identify the factual basis for this claim. *See Iota Xi Chapter Of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 146 (4th Cir. 2009) (discussing procedural due process); *Copenny v. City of Hopewell*, 7 F. Supp. 3d 635, 639 (E.D. Va. 2014) (discussing substantive due process). Plaintiff's allegations are simply insufficient to nudge a due process claim across the line from conceivable to plausible.

In sum, plaintiff has not sought leave to amend his complaint, and his hostile work environment and due process claims are appropriately dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' partial motion to dismiss [DE 19] is GRANTED and plaintiff's hostile work environment and due process claims are DISMISSED.

SO ORDERED, this ___ day of April 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE